UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **THEODORE BROWN**   REG. #08653-021 | : | **CIVIL ACTION NO. 16-cv-1569**   **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **CALVIN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Theodore Brown ("Brown"). Brown is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). At the time of filing he was incarcerated at the Federal Corrections Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. **IT IS RECOMMENDED** that the claim challenging the sentence enhancement under the Armed Career Criminal Act be **DENIED** and **DISMISSED WITH PREJUDICE**. By accompanying order, Brown will also be required to amend his petition for reasons set forth below.

**I.**
**BACKGROUND**

Brown has a substantial criminal history including prior Georgia convictions for robbery by intimidation, murder, and simple battery. *United States v. Brown*, 4:94-cr-00086 (S.D. Ga.), doc. 34. He states that, in 1992 and while out on parole for the murder and robbery charges (*Id.*), he was arrested for possession of a firearm. Doc. 10, p. 2. On December 5, 1994, a jury convicted

Brown of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *Brown*, No. 4:94-cr-00086, at doc. 22. On February 13, 1995, he was sentenced in the Southern District of Georgia to an enhanced sentence of 312 month term of imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). *Id*. at doc. 29.

In the present suit Brown alleges that the BOP is not accurately computing the amount of time that he must serve on his federal sentence. Doc. 1. p. 4. In support, he states that the sentencing judge orally indicated that his state life sentence and the federal sentence should run concurrently. *Id*. He bases this argument on the federal sentencing judge's alleged statement indicating that "the biggest sentence will override the smallest sentence. And the life sentence was bigger than 312 months." *Id*.

By Brown's own admission, the concurrent versus consecutive nature of his state and federal sentences has twice been considered and rejected by the sentencing court. Brown recognizes that "the Court has twice [c]onfirmed the sentence that BOP state <u>should</u> not run concurrently." Doc. 1, att. 1, p. 5 (emphasis in original). One such statement was made on September 2, 2009, as a denial of Brown's motion for clarification. *Brown*, 4:94-cr-00086, at doc. 43. Specifically, the sentencing court wrote:

> On February 13, 1995, the Honorable John F. Nangle sentenced Defendant to the custody of the Bureau of Prisons for a term of 312 months. On August 7, 2009, Defendant filed a Motion for Clarification in which Defendant asks the Court to clarify that the sentence imposed by Judge Nangle was ordered to be served concurrently with two state sentences. Judge Nangle is now deceased and the Motion has been transferred to the undersigned for disposition.
>
> The Court has carefully considered Defendant's Motion. The Court notes that one of Defendant's state sentences involved convictions in Chatham County Superior Court for aggravated assault and criminal attempt to kidnap. The other sentence resulted from Defendant's state parole being revoked on February 18, 1994. Defendant had been on parole for a murder conviction in 1974. The Court will not order that Defendant's

>Federal sentence run concurrently with a revoked parole term. As such, Defendant's Motion is **DENIED**.

*Id.*

Further, Brown filed two prior Motions to Vacate, Correct, or Set Aside his sentence in the Southern District of Georgia pursuant to 28 U.S.C § 2255. The first motion was filed on February 9, 2010 (*id.* at doc. 44) and denied on June 26, 2010 (*id.* at doc. 50). In its Report and Recommendation (*id.* at doc. 45), the court noted Brown's unsuccessful 2009 attempt to have his sentence reduced. *Id.* at doc. 45, p. 1. The court found Brown's § 2255 motion "facially frivolous" and time-barred by many years. *Id.* at 2. On August 18, 2015, Brown filed a motion for time reduction. *Id.* at doc. 53. On December 8, 2015, the Southern District of Georgia construed the motion as a successive § 2255 *habeas* petition and instructed Brown that he needed permission from the Eleventh Circuit Court of Appeals in order to file same. *Id.* at doc. 58. On June 15, 2016, the Eleventh Circuit granted Brown permission to file a second/successive § 2255 petition but only as to his claims arising under *Johnson v. United States*, 135 S. Ct. 2551(2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016), through which he challenged the enhancement of his sentence under the ACCA. *Id.* at doc. 62. As to his claim relating to whether his sentences should run consecutively or concurrently, the court found that, as Brown failed to assert that it was based on newly discovered evidence or a new rule of constitutional law, he did not meet the statutory criteria for asserting that claim in a successive § 2255 motion. *Id.* at 3–4. Brown's second/successive § 2255 petition was reviewed on the merits as to his ACCA claim and ultimately denied. *Id.* at docs. 73, 76, 77.

In the instant petition Brown also contends that he is being denied credit for time served from the date of his arrest on July 28, 1992. Doc. 10, p. 3. He once again disputes the application of the Armed Career Criminal Act to his case, arguing that it resulted in a sentence exceeding the

statutory maximum. Doc. 1, p. 4. As relief, he asks that his sentence "be corrected/adjusted to a new total of 108 months to serve in the custody of the United States Federal Bureau of Prisons, instead of the 312 months. *Id.* at 1. Brown states that the new sentence would reflect the 204 months that he already served in the State of Georgia Prison System. *Id.*

## II.
### LAW AND ANALYSIS

#### A. *Exhaustion*

Before Brown can proceed in this court on his claims herein, he must first exhaust the administrative remedies provided by the BOP. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). "Exceptions to the exhaustion requirement are appropriate if available administrative remedies either are unavailable or wholly inappropriate to relief sought, or if attempt to exhaust those remedies would itself be a patently futile course of action. 28 U.S.C.A. § 2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.* Thus, Brown should amend his petition to provide proof that he attempted to exhaust his administrative remedies regarding his time served and concurrent sentence issues.[1]

#### B. *BOP Sentence Calculation*

Federal law provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

---

[1] The Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). However, the PLRA does not apply to federal *habeas* proceedings. *Davis v. Fechtel*, 150 F.3d 486, 488-90 (5th Cir. 1998). Nothing in *Jones* prohibits the *sua sponte* dismissal of a § 2241 petition on exhaustion grounds.

>> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The United States Attorney General, through the BOP, "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). From the above, it is clear that the BOP will have made no error by refusing to credit his sentences as running concurrently. Accordingly, Brown should amend his petition to provide proof that the sentence credit he seeks was not credited to his state sentence.

### C. ACCA Sentencing Enhancement

Section 2255 is the primary means of collaterally attacking a federal sentence. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 is reserved for attacks on the manner in which a sentence is executed. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). In order to collaterally attack a sentence under § 2241, a prisoner must show that his remedies under § 2255 were inadequate or ineffective. *Cox*, 911 F.2d at 1113. A prior unsuccessful § 2255 motion or an inability to meet the requirements of filing a "second or successive" § 2255 motion does not meet this standard. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

In its Report and Recommendation (No. 4:94-cr-00086, doc. 73) filed subsequent to Brown's second § 2255 petition, the Southern District of Georgia addressed at length all aspects of this claim. The report and recommendation was adopted as the opinion of the court and the matter was dismissed with prejudice. *Id.* at docs. 76, 77. Thus Brown cannot show that § 2255

remedies are unavailable to him as to his ACCA claim, and it is improperly brought under § 2241. Accordingly, it must be denied and dismissed with prejudice.

### III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Brown's claim challenging sentence enhancements applied under the Armed Career Criminal Act be **DENIED** and **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted under § 2241.

By accompanying order, Brown will also be required to amend his remaining claims in order to address the deficiencies outlined above.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 5th day of July, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE